This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Respondent,

v.                                                          **NO. 33,139**

**KENNETH POLSON,**

   Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**James Waylon Counts, District Judge**

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Gary K. King, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER OF REVERSAL

{1}     This appeal having come before the full Court and each Justice having read the briefs of the parties and otherwise being fully informed on the issues and applicable

law as raised and briefed by the parties; and

{2} All of the Justices having concurred that there is no reasonable likelihood that a Decision or Opinion would advance the law of the State; and

{3} Acting within this Court's discretion under Rule 12-405(B)(3) NMRA to dispose of a case by order, decision or memorandum opinion rather than formal opinion because "[t]he issues are answered by statute or rules of court,"

**IT IS THEREFORE ADJUDGED THAT:**

{4} For the reasons that follow, we reverse the Court of Appeals and remand to the district court as provided herein.

{5} On March 24, 2009, Defendant and another individual entered James Williamson's home, knocked Mr. Williamson to the ground, proceeded to hit him and hold him down, and stole some of his belongings. At trial, Defendant was convicted of both robbery, under NMSA 1978, Section 30-16-2 (1973), and larceny, under NMSA 1978, Section 30-16-1 (2006), and was sentenced consecutively for the crimes.

{6} On appeal to the Court of Appeals, Defendant argued that his convictions for both larceny and robbery under these circumstances violate the constitutional protection of double jeopardy. Relying on this Court's opinion in *State v. Bernal*, 2006-NMSC-050, 140 N.M. 644, 146 P.3d 289, the Court of Appeals held that the convictions did not violate double jeopardy. *State v. Polson*, No. 31,138, slip op. at

3 (N.M. Ct. App. July 12, 2011).

{7}    We granted certiorari. 2011-NMCERT-009, 269 P.3d 904. In its briefing to this Court, the State concedes that conviction for both larceny and robbery in the context of this case constitutes a clear violation of double jeopardy. We agree and express our appreciation to counsel for the State for his candor.

{8}    In *Bernal*, the defendant argued that he could not be convicted of multiple attempted robberies of *two* victims during the same criminal episode, drawing an analogy to the single-larceny doctrine. 2006-NMSC-050, ¶ 22. The single-larceny doctrine states that if a defendant takes multiple items in one criminal episode, at one time and in one place, then there can be only one larceny. *Id.* In rejecting the argument that a similar doctrine should apply to robbery, we noted the difference between larceny and robbery, that larceny is primarily a property crime, while robbery is designed to protect the public and punish the use of force required to commit the crime. *Id.* ¶ 28. Thus, we upheld the attempted robbery conviction at issue in *Bernal* where the force was directed toward a second victim, even though the criminal (larcenous) intent to steal might have been continuous.

{9}    In the present case, the Court of Appeals noted this distinction between the purposes of larceny and robbery and then concluded that "Defendant's double

3

jeopardy rights were not violated." *Polson*, No. 31,138, slip op. at 3. The Court of Appeals did not conduct a *Blockburger* test. The opinion, issued in July 2011, did not have the advantage of referring to our more recent case law refining *Blockburger*. *See State v. Swick,* 2012-NMSC-018, 279 P.3d 747; *State v. Gutierrez,* 2011-NMSC-024, 150 N.M. 232, 258 P.3d 1024; *State v. Gallegos,* 2011-NMSC-027, 149 N.M. 704, 254 P.3d 655.

{10} Even without these more recent opinions, however, reliance on *Bernal* to resolve this case is misplaced. Whereas that opinion was directed towards a unit-of-prosecution analysis with multiple robbery victims, and no larceny charge, the case before us is a double-description analysis involving only one victim with both robbery and larceny convictions for essentially the same theft. Without the need for the further refinement of double-description analysis found in our more recent case law, this case begins and ends with *Blockburger*.

{11} Once the conduct underlying multiple crimes has been determined to be unitary, of which there is no dispute in this case, the next step in any double-description, double-jeopardy analysis—even after *Swick*—is to first conduct a *Blockburger* test. *See Swick*, 2012-NMSC-018, ¶ 11. Applying *Blockburger* to this case, it is clear that convictions for both larceny and robbery do not each require proof of a fact or an

4

element exclusive of the other. The elements overlap, almost entirely. The only element the State must prove that differs between the two crimes is use of force to convict of robbery. *Compare* Section 30-16-1, *with* Section 30-16-2.

{12}     Under the circumstances of this case, larceny is entirely subsumed within the crime of robbery; robbery is simply larceny with the added element of force, thereby making larceny a lesser included offense of robbery for purposes of traditional *Blockburger* analysis. While the State must also prove the value of the property for a larceny conviction, this element merely determines the gradation of the crime, not whether the crime was committed, and thus should not factor into double-jeopardy analysis. *See State v. Lee*, 2009-NMCA-075, ¶ 15, 146 N.M. 605, 213 P.3d 509.

{13}     Accordingly, we vacate Defendant's conviction for larceny, a lesser-included offense of robbery in this case, and remand to the district court for re-sentencing.

{14}     **IT IS SO ORDERED.**


_____
**RICHARD C. BOSSON, Justice**


_____
**PETRA JIMENEZ MAES, Chief Justice**

_____

**EDWARD L. CHÁVEZ, Justice**


_____

**CHARLES W. DANIELS, Justice**


_____

**BARBARA J. VIGIL, Justice**